**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY E. BULLOCK,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>NAOMI EARP, AND CARI DOMINGUEZ, CHAIRWOMEN EEOC IN OFFICIAL CAPACITIES, AND CARI DOMINGUEZ AND JOHN SHERLUCK, III LEONORA L GUARRAIA, DENISE LEE, EVELYN GUNN, CHRISTINE SIEGEL, OLOPHIUS PERRY, NICHOLAS INZIO, ALL AS INDIVIDUALS AND IN THEIR OFFICIAL CAPACITIES,<br><br>　　　　　　　　　　Defendants. | CASE NO. 06cv2329 WQH (CAB)<br><br>**ORDER** |

HAYES, Judge:

　　The matter before the Court is the Motion to Dismiss Amended Complaint or, in the Alternative, to Strike (Doc. # 13).

**Background**

　　On October 18, 2006, Plaintiff Mary E. Bullock initiated this action by filing the Complaint (Doc. # 1). On March 3, 2008, Plaintiff filed the First Amended Complaint ("FAC") (Doc. # 9), which is the operative pleading in this action. The FAC alleges that Plaintiff worked as an Administrative Judge for the Equal Employment Opportunity Commission ("EEOC") since 1999. *FAC,* ¶ 5. The FAC names the following Defendants in their official and individual capacities: Cari Dominguez, EEOC Chairwoman; John F.

Sherluck, III, Agency Representative; Leonara L. Guarraia, Chief Operating Officer; Nicholas Inzio, Director of Operations; Denise Lee, Reasonable Accommodation Coordinator; Olophius Perry, Director of the Los Angeles District Office; and Evelyn Gunn and Christine Siegel, who at all relevant times were Plaintiff's first level supervisors. *Id.,* ¶ 7.

The FAC alleges that Plaintiff suffers from multiple sclerosis. The FAC alleges that Defendants refused to accommodate Plaintiff's reasonable requests for accommodations related to her multiple sclerosis; retaliated against Plaintiff after she complained about disability discrimination, failure to accommodate her disability, and failure to engage in the interactive process; and harassed Plaintiff because of her multiple sclerosis during her employment. *FAC,* ¶¶ 142, 147, 152. The FAC alleges the following three causes of action: (1) Disability Discrimination - Failure to Accommodate, in violation of the Americans with Disabilities Act, 42 U.S.C. section 12101(8), *et seq.* ("ADA"); (2) Unlawful Retaliation, in violation of the ADA and section 12940 of the California Government Code; and (3) Unlawful Harassment - Hostile Work Environment, in violation of the ADA, Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. section 2000e-2, 3(a) ("Title VII"), and section 12940 of the California Government Code.

The FAC alleges that Plaintiff exhausted her administrative remedies with respect to her Title VII claims prior to filing her lawsuit in federal court. The FAC alleges that in January 2003, Plaintiff timely filed an informal complaint against her employer, the EEOC, with the Office of Equal Employment Opportunity ("OEEO"). *FAC,* ¶ 9. The FAC alleges that on or about May 3, 2003, Plaintiff filed a formal complaint with the OEEO. *Id.* The FAC alleges that the "liability phase was held on 1/24-1/26, 6/1-6/3, and 8/10-8/12 and 8/15, all in 2005. The damage phase of the hearing was conducted on April 15, 2006. A finding was made in favor of Plaintiff on liability." *Id.* The FAC alleges that, "after exhausting her administrative remedies and believing the futility of appealing the decision within the [EEOC's] own appellate division, [Plaintiff] filed in Federal District Court on October 13, 2006." *Id.* The FAC alleges that "Plaintiff received a Final Order, after a hearing, from the EEOC and has timely filed this lawsuit within 90 days of receipt of said Final Order." *Id.*

On March 14, 2008, Defendants filed the Motion to Dismiss Amended Complaint or, in the Alternative, Motion to Strike ("Motion to Dismiss") pursuant to Rules 4(i), 12(b)(1), 12(b)(5), 12(b)(6), 12(f) and 41(b) of the Federal Rules of Civil Procedure. Defendants contend that "the Court lacks jurisdiction over the subject matter of the action, the federal government has not waived sovereign immunity with respect to Plaintiff's claims, Plaintiff failed to exhaust her administrative remedies, Plaintiff failed to effect service of process, Plaintiff failed to state a claim on which relief may be granted, Plaintiff has alleged improper matters, [and] Plaintiff has named impermissible Defendants." *Mot. to Dismiss,* p. 2. On April 14, 2008, Plaintiff filed a Response in Opposition to the Motion to Dismiss (Doc. # 14). On April 21, 2008, Defendants filed a Reply (Doc. # 16).

**Standard of Review**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. FED R. CIV. P. 12(b)(1). The burden is on the plaintiff to establish that the court has subject matter jurisdiction over an action. *Assoc. of Medical Colleges v. United States,* 217 F.3d 770, 778-779 (9th Cir. 2000). In resolving an attack on a court's jurisdiction, the court may go outside the pleadings and consider evidence beyond the complaint relating to jurisdiction without converting the motion to dismiss into a motion for summary judgment. *Safe Air For Everyone v. Doyle,* 373 F.3d 1035, 1039 (9th Cir. 2004).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978); *see* FED R. CIV. P. 12(b)(6). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the "right of relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show "that the pleader is entitled to relief." *See id.* (citing FED R. CIV. P. 8(a)(2)). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and must accept as true all material allegations in the complaint, as

well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Robertson v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1981). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (9th Cir. 2001).

## **Analysis**

A.   Failure to Exhaust Administrative Remedies - Title VII Claims

Defendants contend that on July 17, 2006, they filed an appeal of the final decision with respect to Plaintiff's administrative complaint with the EEOC. Defendants contend that on or about August 18, 2006, Plaintiff filed an appeal of the decision. Defendants contend that when an appeal of an administrative action has been filed with the EEOC, the EEOC regulations provide that "the Plaintiff must wait until the earlier of the following two events [before filing a civil action]: final action on the appeal, or 180 days from the date the appeal was filed." *Mot. to Dismiss,* p. 3. With respect to Plaintiff's Title VII claims, Defendants contend that Plaintiff has failed to exhaust her administrative remedies because the earliest date that she could file a district court action under the EEOC regulations was January 12, 2007, yet she filed on October 18, 2006.

Plaintiff contends that she exhausted her administrative remedies with respect to her Title VII claims before filing this action. Plaintiff states that on September 14, 2006, she withdrew her appeal with the EEOC. Plaintiff states that the agency's appeal was dismissed pursuant to 29 C.F.R. 1614.409[1] "due to a finding that the civil complaint filed in this Court by Plaintiff on October 18, 2006 raised the exact same issues that were raised in the complaint filed with the EEOC which the Agency appealed." *Opposition,* p. 4. Plaintiff contends that "the law is clear that upon the filing of a lawsuit as Plaintiff did in this case, the EEOC

---

[1] 29 C.F.R. section 1614.409 provides in full: "Filing a civil action under § 1614.408 or § 1614.409 shall terminate Commission processing of the appeal. If a private suit is filed subsequent to the filing of an appeal, the parties are requested to notify the Commission in writing." Section 1614.408 authorizes a claimant to file a civil action under the Fair Labor Standards Act, 29 U.S.C. section 216(b).

administrative process immediately ceases pursuant to 29 C.F.R. Section 1614.409 so as to prevent a duplication of efforts. Therefore, once Plaintiff filed this lawsuit the administrative process, including Defendant's appeal of the ruling, bec[a]me moot and Plaintiff can proceed directly into court which is exactly what she did." *Id.* Plaintiff also contends that "Ninth Circuit has held that a lawsuit can be filed short of 180 days" from the date on which an appeal is filed. *Id.*

"Title VII places primary responsibility for disposing of employment discrimination complaints with the EEOC in order to encourage informal conciliation of employment discrimination claims and foster voluntary compliance with Title VII." *Brown v. Puget Sound Electrical Apprenticeship & Training Trust,* 732 F.2d 726, 729 (9th Cir. 1984). Title VII requires that a claimant exhaust her administrative remedies prior to filing a discrimination lawsuit in federal court. *Id.* In cases involving federal employees, the first step in the administrative process requires an aggrieved person who believes they have been "discriminated against on the basis of . . . handicap" to "consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). If the matter is not resolved after the first step, the aggrieved party may file an administrative discrimination complaint. *Id.* § 1614.105(d). After filing the administrative complaint, the aggrieved party may file a civil action in federal court after waiting a specified period of time. *Id.* § 1614.407. The regulations provide:

> A complainant who has filed an individual complaint . . . is authorized under title VII, . . . and the Rehabilitation Act to file a civil action in an appropriate United States District Court:
>
> > (a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;
> >
> > (b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and a final action has not been taken;
> >
> > (c) Within 90 days of receipt of the Commission's final decision on an appeal; or
> >
> > (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

29 C.F.R. § 1614.407. "The view has been taken that once a party appeals to a statutory agency, board or commission, the appeal must be 'exhausted.' To withdraw is to abandon one's claim, to fail to exhaust one's remedies. Impatience with the agency does not justify immediate resort to the courts." *Rivera v. United States Postal Service,* 830 F.2d 1037, 1039 (9th Cir. 1987). "If specified EEOC officials determine it is improbable that the EEOC will take such final action within 180 days, 29 C.F.R. § 1601.28(2) authorizes the EEOC to issue a right to sue notice before 180 days elapse." *Brown,* 732 F.2d at 729.

Plaintiff alleges that she received a final decision with respect to her administrative complaint and "timely filed this lawsuit within 90 days of receipt of said Final Order." *Complaint,* ¶ 9. The facts are undisputed, however, that on July 17, 2006, Defendants appealed the decision with respect to Plaintiff's administrative complaint, and that on August 18, 2006, Plaintiff appealed the administrative decision. Plaintiff states in her Opposition that "Plaintiff also filed an appeal of that ruling on August 18, 2006." *Opposition,* p. 4; Exhibit C. The facts are also undisputed that there has been no final decision with respect to Plaintiff's appeal. The Court concludes that the time frame prescribed in 29 C.F.R. 1614.407(d) applies to Plaintiff's action because Plaintiff appealed the decision regarding her administrative complaint and there has been no final decision with respect to the appeal. Pursuant to 29 C.F.R. 1614.407(d), Plaintiff was not entitled to file an action in federal court until at least 180 days after Plaintiff filed her appeal. In filing this civil action on October 18, 2006, Plaintiff filed her civil action less than 180 days from the date that she filed her appeal.[2] The Court concludes that Plaintiff has failed to exhaust the administrative procedure articulated in 29 C.F.R. 1614.407. The Court grants the Motion to Dismiss with respect to Plaintiff's claims arising under Title VII.

---

[2] The Court notes that *Brown,* 732 F.2d at 729, on which Plaintiff relies for the proposition that "a lawsuit can be filed short of 180 days," *Opposition,* p. 4, is distinguishable. *Brown* upheld a regulation which authorized the early issuance of a right-to-sue notice when final action by the EEOC within the 180-day period is determined by EEOC officials to be improbable. 732 F.2d at 729. Plaintiff does not allege that she received an early right-to-sue notice or any determination by the EEOC that final action appeared improbable.

**B.**     <u>Sovereign Immunity - ADA and California Government Code Claims</u>

Defendants contend that Plaintiff's claims should be dismissed to the extent that they are based on the ADA and state law because Plaintiff has failed to "point to an unequivocal waiver of sovereign immunity" with respect to her ADA and state law claims. *Mot. to Dismiss,* p. 7. Defendants contend that the "ADA specifically excludes the United States from the definition of 'employer,'" and "Cal. Govt. Code § 12940(h) was enacted by the State of California and not Congress" and therefore cannot constitute a waiver of the federal sovereign's immunity. *Id.*

In response to Defendants' argument that sovereign immunity has not been waived with respect to Plaintiff's ADA claims, Plaintiff states: "As to the ADA Plaintiff agrees." *Opposition,* p. 5. Plaintiff contends that "as to the California State claims Plaintiff asserts pendent jurisdiction and there is nothing in the California statutes exempting the United States, or its agencies such as the EEOC, from being sued." *Id.*

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands,* 461 U.S. 273 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer,* 510 U.S. 471, 475 (1994). The doctrine of sovereign immunity extends to federal agencies and federal employees acting within their official capacities. *Hodge v. Dalton,* 107 F.3d 705, 707 (9th Cir. 1997). "A party bringing a cause of action against the federal government bears the burden of showing unequivocal waiver of immunity." *Baker v. United States,* 817 F.2d 560, 562 (9th Cir. 1987). A waiver of sovereign immunity is "not to be implied." *Soriano v. United States,* 352 U.S. 270, 276 (1957). The "ADA does not apply to claims alleged by federal employees against their employers" because the United States has not waived its sovereign immunity to be sued under the ADA. *Easterly v. Dep't of the Army,* 2008 U.S. Dist. LEXIS 38226 * 11 (E. D. Cal. 2008); *see also Gray v. United States,* 69 Fed. Cl. 95, 102 (2005) ("the United States has not waived its sovereign immunity to be sued under the ADA").

The FAC alleges that Defendants violated the ADA and the California Government Code. With respect to the ADA Plaintiff agrees that the United States has not waived its sovereign immunity. With respect to the California Government Code, Plaintiff asserts that "there is nothing in the California statutes exempting the United States, or its agencies such as the EEOC, from being sued." *Opposition,* p. 5. However, only the United States, not the State of California, has the power to waive its sovereign immunity. Plaintiff does not identify an "unequivocal waiver of immunity" by the United States under either the ADA or California Government Code section 12940. *Baker,* 817 F.2d at 562. The Court concludes that Plaintiff has failed to meet her burden of showing an "unequivocal waiver of immunity" with respect to her claims against Defendants arising under the ADA or California Government Code section 12940. *Id.* The Court grants the Motion to Dismiss with respect to Plaintiff's claims arising under the ADA and section 12940 of the California Government Code as to the Defendants sued in their official capacities.

C.   <u>Failure to Perfect Service</u>

Defendants move to dismiss the Defendants sued in their individual capacities on grounds that Plaintiff has failed to perfect service of process on these Defendants.

With respect to Defendants' contention that the individual Defendants should be dismissed, Plaintiff states: "Plaintiff does not contest that service has not been perfected but asks the court to grant Plaintiff sixty days in which to effect service which was not previously done in part due to Plaintiff's deteriorating health." *Id.*

Plaintiff concedes that she failed to perfect service on each of the Defendants named in their individual capacity. *Opposition,* p. 6 ("Plaintiff does not contest that service has not been perfected"). To the extent that the Defendants named in their individual capacities are not protected by the United States' sovereign immunity, the Court concludes that dismissal of the Defendants named in their individual capacities is proper because Plaintiff has failed to perfect service. The Court grants the Motion to Dismiss with respect to Plaintiff's claims arising under the ADA and section 12940 of the California Government Code as to the Defendants sued in their indivdual capacities.

## **Conclusion**

The Motion to Dismiss Amended Complaint or, in the Alternative, to Strike (Doc. # 13) is **GRANTED with leave to amend.** Plaintiff has leave amend her Complaint by filing a First Amended Complaint within sixty (60) days of the date of this Order.

DATED: July 3, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge