# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MARY E. BULLOCK, | CASE NO. 06CV2329-WQH-CAB |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| STUART J. ISHIMARU, IN HIS OFFICIAL CAPACITY AS CHAIR OF THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is Plaintiff's Motion to Re-Open Case and Amend Complaint. (Doc. # 20).

## BACKGROUND

On October 18, 2006, Plaintiff filed the complaint in this case claiming disability discrimination, retaliation, and hostile work environment against her employer, the Equal Employment Opportunity Commission ("EEOC") and individually named defendants. (Doc. # 1). On March 3, 2008, Plaintiff filed a First Amended Complaint ("FAC") alleging the same claims of disability discrimination, retaliation, and hostile work environment. (Doc. # 9).

On March 14, 2008, Defendants filed a motion to dismiss the FAC on the grounds that Plaintiff failed to exhaust her administrative remedies prior to filing the action in federal court. (Doc. # 13). Plaintiff filed a reply brief on April 14, 2008. (Doc. # 14).

On July 3, 2008, this Court issued an Order granting Defendants' motion to dismiss. (Doc. # 17). The Court found that Plaintiff failed to exhaust administrative remedies, failed to establish a waiver of federal sovereign immunity, and failed to perfect service on the individually named defendants. *Id*. The Court granted Plaintiff leave to amend the FAC within sixty days. *Id*. at 9. On June 9, 2009, Plaintiff filed the present motion to re-open the case and for leave to file a second amended complaint. (Doc. # 20). Defendant filed an opposition to Plaintiff's motion on July 13, 2009. (Doc. # 23). Plaintiff filed a reply brief on August 10, 2009. (Doc. # 24).

## DISCUSSION

### I.  Relief Under Rule 60(b)

Plaintiff seeks relief from the Court's Order on the grounds of "excusable neglect" under Federal Rule of Civil Procedure 60(b)(1). FED. R. CIV. P. 60(b)(1). Federal Rule of Civil Procedure 60(b)(1) allows a court to relieve a party from a final order on the grounds of "excusable neglect." *Id*. Such a determination is left to the sound discretion of the district court and should be liberally construed to allow for the just determination of cases on their merits. *Rodgers v. Watt*, 722 F.2d 456, 459-60 (9th Cir. 1983). The Ninth Circuit has held that, "[a]s a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004); See also *Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). However, "the district court has discretion to determine, in a particular case, whether attorney neglect is excusable or whether it is not." *Stewart v. Wachowski*, 574 F.Supp.2d 1074, 1121 (C.D. Cal. 2005), citing *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004).

The Ninth Circuit applies an equitable test to determine whether failure to comply with filing deadlines constitutes "excusable neglect" under Rule 60(b)(1), evaluating (1) danger of prejudice to the opposing party; (2) length of the delay and its potential impact on the proceedings; (3) reason for the delay; and (4) whether the moving party acted in good faith. *Laurino v. Syringa General Hospital*, 279 F.3d 750, 753-54 (9th Cir. 2002), citing *Bateman*

1  *v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000).  The above factors are not
2  exclusive but "provide a framework with which to determine whether missing a filing deadline
3  constitutes 'excusable' neglect." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th
4  Cir. 1997).

5  Plaintiff asserts that due to her illnesses, which have been diagnosed as terminal, she
6  was "incapable of supervising the filing requests and ensuring court deadlines as requested by
7  the courts." (*Bullock Affidavit* ¶ 8, Doc. # 20-3).  Plaintiff states:

> Due to my condition, and the fact that copies of the pleadings were not provided to me, I was unaware that on July 3, 2008, the Honorable William Q. Hayes directed [my attorney] to amend the complaint on/or before September 1, 2008 and that a disputed issue regarding jurisdiction arose, specifically questioning whether I had exhausted all administrative options.... Had I known about the motions and [my attorney's] failure to address them properly and/or been in the physical condition to respond and better supervise [my attorney], the filing of the oppositions to the motions and the amendment of the complaint would have been filed as required.

13 (*Bullock Affidavit* ¶ 11).  Defendant contends that "Plaintiff's medical condition does not factor
14 into Rule 60(b)(1) analysis [because] her counsel of record was the one responsible for
15 litigating the case and timely complying with the Court's orders."  Defendant contends that
16 Plaintiff "does not provide any evidence that [her attorney's] failure was the result of
17 excusable neglect." (Doc. # 23 at 4, 5).

18 Plaintiff offers evidence that her disabling illness prevented her from fully supervising
19 her attorney.  While Plaintiff delayed nine months beyond the Court's deadline for responding
20 to the Order, there is no indication in the record that the delay will prejudice the Defendant.
21 There is no evidence of deliberate, devious, or willful conduct on the part of the Plaintiff.  The
22 evidence in the record shows that Plaintiff immediately sought new counsel upon receipt of
23 her case file and notification of the Court's Order. (*Bullock Affidavit* ¶ 12).  The Court finds
24 that Plaintiff has acted in good faith.  See *Falk v. Allen*, 739 F.2d 461, 464 (9th Cir. 1984) ("On
25 a Rule 60(b) motion, this court will accept the allegations of the movant's factual statement.").
26 The Court finds sufficient grounds to grant Plaintiff relief from the Court's July 3, 2008 Order
27 on the basis of excusable neglect
28 ///

## II. Leave to Amend Under Rule 15(a)

Plaintiff seeks the Court's leave to amend the FAC under Federal Rule of Civil Procedure 15(a)(2). FED. R. CIV. P. 15(a)(2). Federal Rule of Civil Procedure 15(a)(2) allows a party to amend a pleading with the court's leave, which shall be freely given "when justice so requires." *Id.* "This rule is applied with 'extreme liberality.'" *Serpa v. SBC Telecommunications, Inc.*, 318 F.Supp.2d 865, 870 (9th Cir. 2004)(citation omitted). The Supreme Court offers several factors for district courts to consider in deciding whether to grant leave to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962); See also *Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Foman* factors).

The *Foman* factors do not all carry the same weight; the Ninth Circuit has held that "consideration of prejudice to the opposing party... carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

In *Foman*, the Supreme Court "instructed the lower federal courts to heed carefully the command of Rule 15(a), F.R.Civ.P., by freely granting leave to amend when justice so requires." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir.1973), citing *Foman*, 371 U.S. at 182. The Ninth Circuit further acknowledges "the strong policy to permit the amending of pleadings." *Howey*, 481 F.2d at 1190; See also *Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008)("Public policy strongly encourages courts to permit amendments.").

Defendant does not contend that Plaintiff's proposed second amended complaint would impose undue prejudice or that Plaintiff has exhibited bad faith. As indicated above, the Court finds that Plaintiff has acted in good faith in pursuing the present motion.

///

Defendant contends that Plaintiff's proposed amendment is futile. (Doc. # 23 at 6). However, "[d]enial of leave to amend on [futility] ground[s] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). After reviewing the proposed second amended complaint and considering the compelling policy concerns supporting permissive leave to amend, the Court finds that the procedure suggested in *Netbula* is appropriate in this case.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Re-open Case and Amend Complaint is GRANTED. Plaintiff may file the proposed second amended complaint within thirty (30) days from the date of this Order. The Clerk's Office is directed to re-open this case.

DATED: November 24, 2009

**WILLIAM Q. HAYES**
United States District Judge