# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY E. BULLOCK,<br><br>                              Plaintiff,<br>   vs.<br>CARI DOMINGUEZ, et al.,<br><br>                              Defendants. | CASE NO. 06cv2329 WQH (CAB)<br><br>**ORDER** |

HAYES, Judge:

The matter before the court is Defendant's Motion to Dismiss Second Amended Complaint. (Doc. # 27).

**BACKGROUND**

On October 18, 2006, Plaintiff Mary E. Bullock initiated this action by filing her complaint. (Doc. # 1). On February 19, 2008, the Court issued an Order to Show Cause for failure to prosecute because there had been no activity in the case in over six months. (Doc. # 8). On March 3, 2008, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. # 9). On July 3, 2008, this Court issued an order granting Defendants' motion to dismiss the FAC on the grounds that Plaintiff failed to exhaust administrative remedies, failed to establish a waiver of federal sovereign immunity, and failed to perfect service on the individually named Defendants. (Doc. # 17). The Court gave Plaintiff leave to amend within sixty days. *Id.* at 9. Plaintiff failed to do so and the case was closed. On June 9, 2009, more than nine months after the deadline for filing an amended complaint, Plaintiff filed a motion to re-open the case

and for leave to file a second amended complaint. (Doc. # 20). The Court granted Plaintiff's motion to re-open pursuant to Federal Rule of Civil Procedure 60(b) on the grounds that Plaintiff's serious illness hampered her ability to monitor her case and that her failure to comply with the deadline constituted excusable neglect. (Doc. # 25). The Court allowed Plaintiff to file her Second Amended Complaint ("SAC"), which is now the operative pleading in this case. (Doc. # 26). Plaintiff's SAC names only one defendant, Stuart J. Ishimaru, who is being sued in his official capacity as Chair of the Equal Employment Opportunity Commission ("EEOC"). *Id.* On December 15, 2009, Defendant filed his Motion to Dismiss Second Amended Complaint. (Doc. # 27). On January 7, 2010, the Court granted the parties' joint motion to continue until March 1, 2010. (Doc. # 29).

## ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

Plaintiff was an administrative law judge with the EEOC. (Doc. # 26 at 4). Plaintiff began to work for the EEOC in August of 1999. *Id.* When Plaintiff was hired, she was suffering from multiple sclerosis ("MS"). *Id.* Plaintiff began requesting accommodations for conditions related to MS at work in October of 1999, but the EEOC ignored those requests. *Id.* Plaintiff nonetheless received "outstanding" performance evaluations for her work in 2001-2003. *Id.* Plaintiff was promoted during this time. *Id.* The EEOC retaliated against Plaintiff for seeking accommodations and for complaining about discrimination against her. *Id.* The EEOC attacked Plaintiff's work ethic, withheld promotion, refused to allow her to work at home, required her to work on tighter deadlines than her non-disabled colleagues, required her to provide excessive documentation of all of her work, encouraged her colleagues to ostracize her and called her a troublemaker, involuntarily transferred her and cut her pay, failed to follow procedures for evaluating her work, denied her request for reassignment, and constructively discharged her. *Id.* at 5. Plaintiff alleges three claims against Defendant: (1) discrimination on the basis of disability; (2) retaliation; and (3) unlawful harassment–hostile work environment. *Id.* at 6-7.

Plaintiff filed an informal complaint in January of 2003 with the Office of Equal Employment Opportunity of the EEOC. *Id.* An administrative law judge found that the EEOC

1 was liable to Plaintiff. *Id.* at 3. The EEOC filed a motion for reconsideration, which was denied. *Id.* at 4. Plaintiff filed this lawsuit within 90 days of receiving a final order. *Id.* The EEOC filed an appeal with the Office of Federal Operations ("OFO"), the appellate division of the EEOC. *Id.* The OFO issued an opinion, but this was in error, because the EEOC's own policies require the Commission itself to adjudicate appeals where it is the respondent to an employee's complaint. *Id.* Plaintiff contends that the EEOC's appeal was ineffective because it was erroneously filed before the OFO, which allowed her to file her complaint without waiting for the end of the appeals process. *Id.* at 3-4. Plaintiff contends the EEOC intentionally appealed in the wrong forum in order to delay the proceedings. *Id.*

## ANALYSIS

Defendant contends that the Court should dismiss Plaintiff's claims with prejudice for failure to exhaust administrative remedies or, in the alternative, grant summary judgment for Defendant and against Plaintiff. (Doc. # 27-1 at 2). Defendant contends that when either party appeals an administrative action before the EEOC, "a complainant must wait [to file suit in federal court] until either of the following two events: final action on the appeal, or 180 days from the date the appeal was filed." *Id.* at 3 (citing 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(d)). Defendant contends that Plaintiff filed an appeal with the OFO on August 18, 2006, which barred her from filing suit before this Court until February 13, 2007. (Doc. # 27-1 at 3). However, Plaintiff withdrew the appeal and filed suit in this Court on October 18, 2006. *Id.* at 3. Defendant contends that Plaintiff was required to wait 180 days from the date she filed her OFO appeal before filing in this court despite withdrawing the complaint. *Id.* at 4. Defendant contends that the EEOC's appeal also triggered the 180-day waiting period. *Id.* at 6. Defendant contends that the EEOC did not file its appeal to the wrong entity because appeal to the OFO is mandated by 29 C.F.R. § 1614.403(a). *Id.* at 7. Defendant contends that the EEOC had a policy of having the Commissioners themselves, rather than the OFO, decide appeals where the EEOC is a defendant. *Id.* The EEOC ruled on the appeal on June 8, 2007. *Id.* Finally, Defendant contends that Plaintiff's complaint should be dismissed with prejudice and without leave to amend because amendment would be futile. *Id.*

| | |
|---|---|
| 1 | Plaintiff contends that the administrative appeal proceedings in her case were void and |
| 2 | have no legal effect. (Doc. # 30 at 5-6). Plaintiff contends that the EEOC appeals process did |
| 3 | not provide her with a neutral decision maker, violating her due process rights. *Id.* at 6-7. |
| 4 | Plaintiff contends that the EEOC failed to send notice of its appeal to the proper address. *Id.* |
| 5 | at 7. Plaintiff contends that the EEOC conceded that the OFO was not the proper venue for |
| 6 | an appeal. *Id.* Plaintiff contends that the OFO purported to transfer the appeal to the EEOC |
| 7 | itself, but that this "transfer" was ineffective. *Id.* The EEOC then issued an opinion *nunc pro* |
| 8 | *tunc* but Plaintiff contends that "[t]his attempt to retroactively resolve the issue" of the appeal |
| 9 | being improperly filed "was of no force and effect." *Id.* at 8. Plaintiff contends that the |
| 10 | procedural problems with the EEOC's appeal show "the lengths the Agency will go to try to |
| 11 | deny Ms. Bullock her day in court, and the futility of proceeding with the administrative |
| 12 | appeal." *Id.* at 9. Plaintiff contends that she was not required to exhaust administrative |
| 13 | remedies because attempting to do so would have been futile. *Id.* at 10. Plaintiff contends that |
| 14 | the EEOC intentionally delayed the proceedings before the administrative law judge and that |
| 15 | her former supervisor told her "we will appeal this until you are dead, you will never see a |
| 16 | dime." *Id.* at 11. Plaintiff contends that the delay tactics and her rapidly deteriorating health |
| 17 | made continuing with the appeals process futile. *Id.* at 15. Finally, Plaintiff contends that the |
| 18 | Court should equitably modify the provisions which required her to wait 180 days before filing |
| 19 | a lawsuit in federal court. *Id.* at 16-17. |
| 20 | "Title VII places primary responsibility for disposing of employment discrimination |
| 21 | complaints with the EEOC in order to encourage informal conciliation of employment |
| 22 | discrimination claims and foster voluntary compliance with Title VII." *Brown v. Puget Sound* |
| 23 | *Electrical Apprenticeship & Training Trust,* 732 F.2d 726, 729 (9th Cir. 1984). Title VII |
| 24 | requires that a claimant exhaust her administrative remedies prior to filing a discrimination |
| 25 | lawsuit in federal court. *Id.* In cases involving federal employees, the first step in the |
| 26 | administrative process requires an aggrieved person who believes they have been |
| 27 | "discriminated against on the basis of . . . handicap" to "consult a Counselor prior to filing a |
| 28 | complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). If the |

matter is not resolved after the first step, the aggrieved party may file an administrative discrimination complaint. 29 C.F.R. § 1614.105(d). Either party may file an administrative appeal to the Office of Federal Operations. 29 C.F.R. § 1614.403(a). The appeal regulations provide:

> The complainant, agency, agent, grievant or individual class claimant (hereinafter appellant) must file an appeal with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, at P.O. Box 77960, Washington, DC 20013, or by personal delivery or facsimile. The appellant should use EEOC Form 573, Notice of Appeal/Petition, and should indicate what is being appealed.

29 C.F.R. § 1614.403 (a).

After initiating the administrative process, the aggrieved party may file a civil action in federal court after waiting a specified period of time. 29 C.F.R.§ 1614.407. The regulations provide:

> A complainant who has filed an individual complaint . . . is authorized under title VII, . . . and the Rehabilitation Act to file a civil action in an appropriate United States District Court:
>
> > (a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;
> >
> > (b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and a final action has not been taken;
> >
> > (c) Within 90 days of receipt of the Commission's final decision on an appeal; or
> >
> > (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

29 C.F.R. § 1614.407. "[O]nce a party appeals to a statutory agency, board or commission, the appeal must be 'exhausted.' To withdraw is to abandon one's claim, to fail to exhaust one's remedies. Impatience with the agency does not justify immediate resort to the courts." *Rivera v. United States Postal Service,* 830 F.2d 1037, 1039 (9th Cir. 1987).

Plaintiff failed to exhaust her administrative remedies. Both Plaintiff and the EEOC appealed to the OFO, which triggered the mandatory 180-day waiting period before Plaintiff was permitted to file with this Court. Although Plaintiff insists that the EEOC's appeal was

1  improperly filed, she does not contend that her own appeal was improperly filed. Even if her
2  conclusion that the EEOC filed its appeal improperly is correct, Plaintiff's own abandoned
3  appeal would still trigger the 180-day rule, and her suit in this court was therefore premature.
4  *See* 29 C.F.R. § 1614.403(a); *Rivera,* 830 F.2d at 1039. In any event, Plaintiff's interpretation
5  of the regulations governing appeals where the EEOC is a party is incorrect. Pursuant to the
6  applicable regulation, 29 C.F.R. § 1614.403(a), the EEOC was required "file an appeal with
7  the Director, Office of Federal Operations, Equal Employment Opportunity Commission . . . ."
8  There is no exception in this regulation for cases where the EEOC is a defendant. *See* 29
9  C.F.R. § 1614.403. Although both parties agree that the EEOC has a practice of having such
10 cases decided by the Commissioners, rather than the OFO, Plaintiff offers no support for her
11 position that this internal practice itself requires the EEOC to appeal directly to the
12 Commissioners, or supercedes the process required by the applicable regulation.

13      Plaintiff contends that her failure to exhaust is excused by futility. Plaintiff has not
14 established that appeal was futile. Plaintiff's only evidence that appeal would be futile is her
15 own opinion that she could not get a fair adjudication from the Commissioners and her belief
16 that the EEOC intended to delay litigation until she died. *See* Doc. # 30 at 11. Plaintiff's
17 subjective belief that the process is not fair and that the Commissioners would acquiesce in the
18 EEOC's attempt to drag out the law suit do not relieve her of the obligation to exhaust her
19 administrative remedies. Plaintiff offered no evidence that the Commissioners participated in
20 any effort to delay adjudication, and in any event, the regulation itself prevents the
21 Commissioners from indefinitely delaying a proceeding. *See* 29 C.F.R. § 1614.407. If
22 Plaintiff waited the required 180 days and her case had not been adjudicated, she could then
23 have filed suit in this Court. *See id.* Because neither the EEOC nor the Commissioners could
24 have succeeded in delaying the proceedings for more than 180 days, Plaintiff's argument is not
25 supported by the law. Plaintiff's failure to exhaust administrative remedies is fatal to her
26 claim. Defendant's Motion to Dismiss is granted.

27      In general, leave to amend is freely granted. *See Foman v. Davis*, 371 U.S. 178 (1962).
28 However, allowing Plaintiff to amend would be futile. *See Gompper v. VISX*, 298 F.3d 893,

1  898 (9th Cir. 2002) (complaints should only be dismissed without leave to amend where it is
2  clear that the complaint cannot be saved by any amendment).  Plaintiff's failure to exhaust
3  cannot be remedied by any action she could take now or by repleading her claims.  Although
4  Plaintiff contends any dismissal should be with leave to amend, *see* Doc. # 30 at 2, she does
5  not identify any means of curing her failure to exhaust.  Plaintiff's FAC was previously
6  dismissed for failure to exhaust, but Plaintiff was unable to replead claims which do not suffer
7  from the same deficiency.  Plaintiff's claims are therefore dismissed without leave to amend.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Second Amended Complaint (Doc. # 27) is **GRANTED**.  Plaintiff's Second Amended Complaint is dismissed without leave to amend.

DATED: April 27, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge